# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### Civil Action No: 25-CV-01647

REGINA LARUE,

       Plaintiff,

vs.

JOHN RATCLIFFE
Former Director
Central Intelligence Agency
Washington, DC 20505

KASH PATEL
Director
Federal Bureau of Investigation
935 Pennsylvania Avenue NW
Washington, DC 20535

DANNY WERFEL
Commissioner
Internal Revenue Service
1111 Constitution Avenue NW
Washington, DC 20224

JOHN KNUTSEN
Director
Internal Affairs Bureau
Metropolitan Police Department
300 Indiana Avenue NW
Washington, DC 20001

LOUIS DEJOY
Postmaster General
United States Postal Service
475 L'Enfant Plaza SW
Washington, DC 20260

GOOGLE LLC
1600 Amphitheatre Parkway
Mountain View, CA 94043

Scanned with CamScanner

YOUTUBE, LLC
(A division of Google LLC)
901 Cherry Avenue
San Bruno, CA 94066

ONLYFANS (FENIX INTERNATIONAL
LIMITED)
85 Great Portland Street
London W1W 7LT
United Kingdom

HIGHGATE AT THE MILE APARTMENTS
c/o Kettler Management
7915 Jones Branch Drive
McLean, VA 22102

KETTLER MANAGEMENT, INC.
Attn: Robert C. Kettler, CEO
8255 Greensboro Drive, Suite 200
McLean, VA 22102

THE GRAND LODGE OF FREEMASONRY
186 Tremont Street
Boston, MA 02111

ORDER OF THE EASTERN STAR
International Headquarters
1618 New Hampshire Avenue NW
Washington, DC 20009-2549

Defendants.

## MOTION FOR DEFAULT JUDGMNET

Plaintiff Regina LaRue moves, pursuant to Federal Rule of Civil Procedure 55(b)

and District of Maryland Local Rule 108(2), for entry of default judgment against

Defendants OnlyFans (Fenix International Limited), ~~Highgate at the Mile Apartments,~~

The Grand Lodge of Freemasonry, and Order of the Eastern Star (collectively, the

"Defaulted Defendants").  As set forth below, these Defendants have failed to plead or

otherwise defend this action within the time prescribed by law.  Ms. LaRue seeks entry of

2

default judgment against the Defaulted Defendants, including an award of damages and such other relief as the Court deems just and proper.

## A.   Legal Standard and Authority

Federal Rule of Civil Procedure 55(b) authorizes the Court to enter judgment by default against a party who has failed to plead or otherwise defend as provided by the rules. Courts have broad discretion to grant default judgment, particularly where the defendant has been properly served and has failed to appear or respond within the time allowed. *Mongo v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010).

## B.   Factual Background and Procedural History

Ms. LaRue filed the Complaint in this action on May 22, 2025, asserting claims for violations of constitutional rights, federal statutes, and common law against multiple defendants, including OnlyFans, Highgate at the Mile Apartments, Robert C. Kettler, The Grand Lodge of Freemasonry, and Order of the Eastern Star. The Complaint alleges that these Defendants participated in or facilitated a conspiracy to deprive Ms. LaRue of her civil rights, engaged in unlawful surveillance, and caused significant harm to her health, reputation, and business interests.

Ms. LaRue effected service of process on the Defaulted Defendants in accordance with Federal Rule of Civil Procedure 4, as evidenced by the affidavits of service filed with the Court on May 5th, 2025 to OnlyFans, June 4th, 2025 to Eastern Stars and June 6th, 2025 to Freemasons. Pursuant to Rule 12(a), the Defaulted Defendants were required to answer or otherwise respond to the Complaint within 21 days of service, depending on the method and location of service.

To date, the Defaulted Defendants have failed to file an answer, motion, or any other responsive pleading, and have not otherwise appeared in this action.

3

## C.    Argument

Entry of default judgment is warranted where the record demonstrates that the defendants were properly served, failed to respond within the time prescribed by law, and have not shown any excusable neglect or meritorious defense. Under Federal Rule of Civil Procedure 55(b), the Court may enter judgment against the defaulting parties upon application by the plaintiff.

Here, Plaintiff has provided proof of service for the Defaulted Defendants. They were required to answer or otherwise respond to the Complaint within the time limits set forth in Rule 12(a), but have failed to do so.

Courts routinely grant default judgment where, as here, the defendants have been properly served, have failed to respond, and the plaintiff would be prejudiced by further delay. *See, e.g., Mongo*, 751 F. Supp. 2d at 794 (four months had passed since service without any response from the defendants, and the court found that default judgment was proper to avoid further prejudice to the plaintiff).

Accordingly, the prerequisites for entry of default judgment under Rule 55(b) have been satisfied, and judgment should be entered against the Defaulted Defendants.

## D.    Conclusion

For the foregoing reasons, Ms. LaRue respectfully requests that the Court (A) grant this Motion; (B) enter default judgment against the Defaulted Defendants; and (C) award such other relief as the Court deems just and proper.

Respectfully submitted,

Regina CoCo LaRue

Pro Se Plaintiff
*Office*- 1835 7th St NW Suite # 141
Washington, DC 20001
CLRAPPTV@gmail.com


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed with

the Clerk of Court using CM/ECF on August 6th, 2025.  I also certify that this document

is being served this day on all counsel of record via transmission of Electronic Filing

generated by CM/ECF.


Respectfully submitted,

Regina CoCo LaRue
Pro Se Plaintiff
*Office*- 1835 7th St NW Suite # 141
Washington, DC 20001
 (202) 408-8844 Cell
 (240) 449-8092 Office
CLRAPPTV@gmail.com
www.CLRhairextensions.com