UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINA COCO LARUE,

    Plaintiff,

v.

JOHN RATCLIFFE, *et al.*,

    Defendants.

No. 25-cv-1647

## MEMORANDUM OPINION

Plaintiff Regina Coco LaRue, proceeding *pro se*, alleges a far-reaching "conspiracy between government officials, private actors, occult networks," and a private family to "extract and exploit" Plaintiff's "divine gifts" using "energy weapons, electromagnetic frequency manipulation, implanted devices, and psychic warfare techniques," as well as "witchcraft, voodoo, black magic, curses aimed at inducing illness, and other forms of spiritual violence." Compl. ¶¶ 21, 25, 30, 59, ECF No. 1. Defendants now move to dismiss. Because the court lacks subject-matter jurisdiction over Plaintiff's "patently insubstantial" claims, *see Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009), the court will GRANT all pending Motions to Dismiss, ECF Nos. 24, 25, 41, 42, 49; DENY Plaintiff's Motion for Default Judgment, ECF No. 31; and dismiss the case in its entirety.[1]

According to the Complaint, Plaintiff was born a "gifted" child, "endowed with innate spiritual power, creativity, and healing abilities that drew the attention of U.S. intelligence and

---

[1] It is immaterial that Defendant Grand Lodge of Freemasonry has failed to appear and file a Motion to Dismiss. The court "must dismiss" an action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived . . .").

secret societies alike." Compl. ¶¶ 23–24. As a result of her gifts, "occult networks embedded within federal agencies"—specifically, the Freemasons and Eastern Stars—"conspired with members of [a private] family and corrupt government officials" to drain Plaintiff's "spiritual battery" and "steal" her powers. *Id.* ¶¶ 27–30. The conspiracy began when Plaintiff "was enrolled," at birth, "in a classified CIA human experimentation program . . . designed to manipulate [her] mind, spirit, and bioenergetic field." *Id.* ¶ 23. And it has continued for "five and a half decades." *Id.* ¶ 71.

Plaintiff further alleges that this conspiracy has involved "not only magical attacks, but [also] physical surveillance and digital exploitation." Compl. ¶¶ 27, 36. Specifically, federal agents bribed the maintenance and leasing staff at Plaintiff's apartment building, installed hidden cameras in Plaintiff's apartment, and streamed her private moments on "adult platforms such as OnlyFans." *Id.* ¶¶ 37–42. To cover up these alleged abuses, "Defendants engaged in a coordinated campaign of suppression," including by refusing to produce records in response to letters sent to "the FBI, CIA, IRS, Internal Affairs, Montgomery County, and the Arlington Police Department." *Id.* ¶¶ 61–62, 83. Plaintiff seeks $55 billion in damages to reflect "the global scale of the spiritual warfare waged against her, and the incalculable value of her stolen destiny." *Id.* ¶ 72.

Although "*pro se* complaints are held to a less stringent standard than other complaints, even a *pro se* plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." *Carmichael v. Pompeo*, 486 F. Supp. 3d 360, 366 (D.D.C. 2020) (quoting *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009)). The court lacks subject-matter jurisdiction over any claim that is "patently insubstantial," such that it "present[s] no federal question suitable for decision." *Tooley*, 586 F.3d at 1010 (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)); *see also Hagans v. Lavine*, 415 U.S. 528, 536 (1974) ("Over the years this Court has repeatedly

held that the federal courts are without power to entertain claims . . . if they are . . . wholly insubstantial . . . . (cleaned up)). Claims qualify as "patently insubstantial" if they rely on "any bizarre conspiracy theories, any fantastic government manipulations of [a plaintiff's] will or mind," or "any sort of supernatural intervention." *Best*, 39 F.3d at 330.

Plaintiff relies on all three. She alleges "a broad conspiracy" involving "bribed government officials, law enforcement, judges, private technology actors," "esoteric organizations," and a private family. Compl. ¶¶ 2, 26, 129. This conspiracy allegedly entails "government manipulations of [Plaintiff's] mind." *Best*, 39 F.3d at 330; *see, e.g.*, Compl. ¶ 23 ("Without the consent of her parents, [Plaintiff] was enrolled in a classified CIA human experimentation program . . . designed to manipulate [her] mind, spirit, and bioenergetic field."). And it allegedly involves "supernatural intervention," *Best*, 39 F.3d at 330, in the form of "witchcraft, voodoo, black magic," and the like. Compl. ¶ 59. Because Plaintiff's claims are so fanciful as to be "essentially fictitious," *Hagans*, 415 U.S. at 537, the court lacks subject-matter jurisdiction over them.

To the extent that Plaintiff's Freedom of Information Act ("FOIA") claim can be separated from her "bizarre conspiracy theories," *Best*, 39 F.3d at 330, that claim would still require dismissal. To state a FOIA claim, a plaintiff must identify the specific FOIA requests at issue in a manner detailed enough to provide the defendants with fair notice of the claims against them. *Risenhoover v. Stanfield*, 767 F. App'x 12, 13 (D.C. Cir. 2019). Here, Plaintiff alleges only that she "submitted multiple FOIA requests to the CIA, FBI, and IRS over a period of several years" and that these requests were "ignored altogether." Compl. ¶¶ 104, 107. She has not specified the dates that these requests were filed nor provided any other information that could help Defendants locate her alleged requests. Plaintiff's vague allegations therefore fail to state a FOIA claim. *See Sherven v. CIA*, No. 23-cv-3214, 2024 WL 519809 (D.D.C. Jan. 30, 2024). Accordingly, the court

will GRANT all pending Motions to Dismiss and dismiss the case in its entirety. A separate order will follow.

Date: October 20, 2025

                                  *Tanya S. Chutkan*
                                  TANYA S. CHUTKAN
                                  United States District Judge